**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BRYAN O'KEEF KIMBLE,

      Movant,

vs.                                          No. CV 20-01241 RB/GJF
                                               (No. CR 13-2744)

UNITED STATES OF AMERICA,

      Respondent.

### ORDER PURSUANT TO *CASTRO V. UNITED STATES*

THIS MATTER is before the Court on the letter to the Court filed by Movant, Bryan O'Keef Kimble (CV Doc. 1; CR Doc. 55) ("Motion"). The Court has also reviewed the docket in criminal case no. CR 13-02744 RB. In his letter, Kimble states "I am writing in concern to my 922(g) charges. I wanted to know if I have any relief coming from the "RAHAIF Case." (CV Doc. 1 at 1; CR Doc. 55 at 1).[1] Movant Kimble's Motion appears to challenge his conviction and sentence in CR 13-02744 RB. (CV Doc. 1 at 1; CR Doc. 55 at 1).

The Court is considering recharacterizing the Motion as a first 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Pursuant to *Castro v. United States,* 540 U.S. 375 (2003), when

> a court recharacterizes a pro se litigant's motion as a first § 2255

---

[1] The Court cannot give Movant Kimble legal advice. The Court notes that the U.S. Supreme Court's decision in *Rehaif v. United States,* 139 S.Ct. 2191 (2019) has not been made retroactively applicable on collateral review. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *U.S. v. Class*, 930 F.3d 460, 469 (D.C. Cir. 2019); *Littlejohn v. U.S.*, 2019 WL 6208549, at *2 (W.D. N.C. 2019); *Moore v. U.S.*, 2019 WL 4394755, at *2 (W.D. Tenn. 2019); *Doyle v. U.S.*, 2020 WL 415895 (S.D. Ohio 2020); *Clay v. U.S.*, 2019 WL 6842005, at *3 (E.D. Mo. 2019); *U.S. v. Shobe*, 2019 WL 3029111, *2 (N.D. Okla. 2019); *U.S. v. Grigsby*, 2019 WL 3302322, at *1 (D. Kan. 2019); *U.S. v. Benton*, 2020 WL 132276, at *2 (W.D. La. 2020); *In re Sampson*, 954 F.3d 159 (3rd Cir. 2020); *Khamisi-El v. United States*, 800 F. App'x 344 (6th Cir. 2020); *Barela v. United States,* No. 13-CR-3892 KWR-JFR, 2020 WL 519474, at *3 (D.N.M. 2020).

1

> motion . . .the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restriction on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Id.* at 383.  Consistent with *Castro,* the Court notifies Kimble that it may recharacterize his Motion as a first § 2255 motion and affords him an opportunity to withdraw the motion or to amend it to add additional claims he may have.  *See* Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts (providing that a motion to vacate, set aside, or correct sentence must: "(1) specify ***all grounds*** for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." (emphasis added)).  If Kimble fails to timely amend or withdraw his Motion, then Kimble's Motion may be recharacterized and any subsequent § 2255 motions will be subject to the restriction on "second or successive" motions in 28 U.S.C. §§ 2244 and 2255(h).

**IT IS ORDERED** that Movant Bryan O'Keef Kimble, is **GRANTED** leave to amend or withdraw his Motion (CV Doc. 1; CR Doc. 55), which the Court is considering recharacterizing as a first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, within ninety (90) days of the entry of this Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court **MAIL** a copy of this Order, together with a form § 2255 motion and instructions, to Movant Kimble.

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE