IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRYAN O'KEEF KIMBLE,

    Movant,

vs.                                                 No. CV 20-01241 RB/GJF
                                                          (No. CR 13-02744 RB)

UNITED STATES OF AMERICA,

    Respondent.

## SECOND ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court *sua sponte* on the letter to the Court filed by Movant, Bryan O'Keef Kimble (CV Doc. 1; CR Doc. 55) ("Motion"). The Court will order Movant Kimble to show cause why this proceeding should not be dismissed under Fed. R. Civ. P. 41(b) for failure to comply with Court orders and failure to prosecute.

In his Motion letter, Kimble stated "I am writing in concern to my 922(g) charges. I wanted to know if I have any relief coming from the "RAHAIF Case." (CV Doc. 1 at 1; CR Doc. 55 at 1).[1] Movant Kimble's Motion appears to challenge his conviction and sentence in CR 13-02744 RB. (CV Doc. 1 at 1; CR Doc. 55 at 1). On December 2, 2020, the Court notified Kimble that the Court was considering recharacterizing Kimble's Motion as a first 28 U.S.C. §

---

[1] The Court cannot give Movant Kimble legal advice. The Court notes that the U.S. Supreme Court's decision in *Rehaif v. United States,* 139 S.Ct. 2191 (2019) has not been made retroactively applicable and, therefore, affords no relief on collateral review. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *U.S. v. Class*, 930 F.3d 460, 469 (D.C. Cir. 2019); *Littlejohn v. U.S.*, 2019 WL 6208549, at *2 (W.D. N.C. 2019); *Moore v. U.S.*, 2019 WL 4394755, at *2 (W.D. Tenn. 2019); *Doyle v. U.S.*, 2020 WL 415895 (S.D. Ohio 2020); *Clay v. U.S.*, 2019 WL 6842005, at *3 (E.D. Mo. 2019); *U.S. v. Shobe*, 2019 WL 3029111, *2 (N.D. Okla. 2019); *U.S. v. Grigsby*, 2019 WL 3302322, at *1 (D. Kan. 2019); *U.S. v. Benton*, 2020 WL 132276, at *2 (W.D. La. 2020); *In re Sampson*, 954 F.3d 159 (3rd Cir. 2020); *Khamisi-El v. United States,* 800 F. App'x 344 (6th Cir. 2020); *Barela v. United States,* No. 13-CR-3892 KWR-JFR, 2020 WL 519474, at *3 (D.N.M. 2020).

1

2255 motion to vacate, set aside, or correct sentence. (CV Doc. 3). Pursuant to *Castro v. United States,* 540 U.S. 375 (2003), when

> a court recharacterizes a pro se litigant's motion as a first § 2255 motion . . .the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restriction on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Id.* at 383.  Consistent with *Castro,* the Court notified Kimble that it may recharacterize his Motion as a first § 2255 motion and afforded him an opportunity to withdraw the motion or to amend it to add additional claims he may have. (CV Doc. 3).  *See* Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts (providing that a motion to vacate, set aside, or correct sentence must: "(1) specify ***all grounds*** for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." (emphasis added)).  The Court advised Kimble that, if he failed to timely amend or withdraw his Motion, then Kimble's Motion may be recharacterized and any subsequent § 2255 motions will be subject to the restriction on "second or successive" motions in 28 U.S.C. §§ 2244 and 2255(h).  (CV Doc. 3).

The copy of the Court's December 2, 2020 Order sent to Kimble at his address of record was returned as undeliverable.  (CV Doc. 4).  Therefore, on December 18, 2020, the Court entered its first Order to Show Cause.  (CV Doc. 5).  The December 18, 2020 Order required Kimble to provide the Court with his current mailing address or otherwise show cause why the case should not be dismissed under Fed. R. Civ. P. 41(b) within 30 days.  (CV Doc. 5).  The Copy of the

Court's December 12, 2020 Order to Show Cause mailed to Kimble was also returned as undeliverable. (CV Doc. 6).

On February 1 and 3, 2021, the Court received two letter inquiries from Kimble. (CV Doc. 7, 8). Neither letter responded to either the Court's December 2, 2020 *Castro* Order or the December 18, 2020 Order to Show Cause. The envelopes accompanying the two letters had a different return address than Kimble's address of record on file with the Court. (CV Doc. 7, 8). Kimble then filed a letter motion for appointment of counsel on March 8, 2021. (CV Doc. 9).

Movant is a prisoner in the federal custody and seeks collateral review of his conviction and sentence. There is no constitutional right to counsel to litigate a § 2255 motion. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Swazo v. Wyo. Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994). Instead, when a hearing is not necessary, appointment of counsel in a § 2255 proceeding rests in the discretion of the court. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983). Appointment of counsel in collateral review proceedings is governed by the provisions of 18 U.S.C. § 3006A(a)(2)(B). Section 3006A(a)(2)(B) states:

> "[w]henever the United States Magistrate Judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."

18 U.S.C. § 3006A(a)(2)(B). The Court determines that the interests of justice do not require appointment of counsel at this stage of the proceedings. The Court will deny the Motion (CV Doc. 9) without prejudice to reconsideration in the event that the Court later determines an evidentiary hearing is required under Rule 8 of the Rules Governing Section 2255 Proceedings.

Movant Kimble has failed to respond to or comply with the Court's Orders of December 2, 2020 and December 18, 2020. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of procedure, or to comply with court orders. *See*

3

*Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Failure to comply with this Order may result in dismissal without further notice.

**IT IS THEREFORE ORDERED** that, within thirty (30) days from entry of this Order, Movant shall show cause why this action should not be dismissed under Fed. R. Civ. P. 41(b).. The Clerk is **DIRECTED** to send Movant copies of the Court's December 2, 2020 and December 18, 2020 Orders (CV Doc. 3, 5) together with a copy of this Order to Movant at his current address at USP Canaan.

**IT IS FURTHER ORDERED** that the letter motion for appointment of counsel filed by Movant on March 8, 2021 (CV Doc. 9) is **DENIED** without prejudice.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE